hFOGG, Judge.
By this appeal, Super Stop Enterprises, Inc. d/b/a Highland Road Super Stop contests the denial of its application for a Class B beer and liquor license. We reverse.
Super Stop Enterprises applied to the Alcohol Beverage Control Board (ABC Board) for a Class B beer and liquor license for its premises located at 4454 Highland Road in Baton Rouge, Louisiana. Subsequent to an opposition hearing held on October 20, 1994, the ABC Board denied the application for the license. Super Stop Enterprises appealed that decision to the Nineteenth Judicial District Court where a trial de novo was conducted pursuant to LSA-R.S. 26:106 on October 4, 1995. The trial court rendered judgment against Super Stop once again denying it a Class B beer and liquor license. Super Stop appeals that judgment.
In rejecting Super Stop’s application for a license, the district court relied on Baton Rouge Ordinance No. 9839, which is the Wine Beer, and Liquor Ordinance. Section 3(A) of this ordinance provides that a license will be issued unless the opponents to the issuance of the license “prove justifiable grounds for denying” its issuance. With respect to what constitutes “justifiable grounds,” the ordinance provides, in pertinent part, as follows:
The Board may consider as grounds for such denial, any grounds set forth in Louisiana Revised Statutes, Title 26, or City-Parish Beer and/or Liquor Ordinances, Title 9, or any other grounds which might adversely affect the public health, safety or morals, including but not limited to:
(a) Undue congestion of streets and traffic access;
(b) Land or braiding usage which is, or may become incompatible with existing character or usage of the neighborhood;
(c) An oversupply of types of land use or zoning in proportion to population, land use and public facilities in the neighborhood;
(d) It does not adversely affect the reliance that neighboring property owners or occupants have placed upon existing zoning patterns; and
13(e) It does not create a spot zone, that is, an incompatible or unrelated classification which would prevent the normal maintenance and enjoyment of adjacent properties.
The district court relied on Sections 3A(a) and 3A(d) in rejecting Super Stop’s application for a license. On appeal Super Stop Enterprises contends the opponents to the granting of the license did not carry then-burden of proving these grounds for denial of the application exist.
The evidence presented by the opponents to the application consisted of testimony by Freddie Martin, Charles O’Brien, Vida Broussard, and Michael Miller. As president of the civic association for College Town, which is a subdivision that is adjacent to the Super Stop location, Freddie Martin stated that a poll taken by the association of its members shows that they are opposed to the granting of a liquor license at that location. Mr. Martin related the concerns of the residents. In sum, he reported they feared increased traffic congestion and more frequent accidents due to an increased number of intoxicated drivers.
*680 Mr. O’Brien, Ms. Broussard, and Mr. Miller are also residents of the College Town area. They, too, opposed the granting of the license because they anticipate a detrimental increase in traffic. Ms. Broussard also objects to the location of a “liquor store” in the neighborhood. Mr. Miller anticipates an increase in noise at night and in the number of accidents at the intersection of Highland Road and LSU Avenue.
Traffic congestion was the main concern of those opposing the license. However, they offered no evidence to support their concerns. Cf. Brousseau’s Inc. v. City of Baton Rouge, 400 So.2d 1188 (La.App. 1 Cir.1981). While traffic congestion is certainly a legitimate interest, and it is probable that the sale of liquor by the Super Stop would minimally increase the traffic flow, there was no evidence to show Super Stop’s business would | increase appreciably simply because it sold liquor in addition to the goods it already sells. Rather the evidence showed that Super Stop’s location is just a few blocks south of LSU on Highland Road; many motorists travel that part of Highland Road to get to destinations other than those located in the immediate area. Additionally, the evidence showed that that the Super Stop is located next to commercial property consisting of eating establishments and retail outlets. One of the restaurants in the area presently serves alcoholic beverages.
After carefully examining the evidence, we conclude that the trial court erred in denying the license. Super Stop is entitled to a liquor permit as the evidence presented to establish the possible adverse effects on the welfare of the community fails to establish that any adverse effects are likely to occur from the granting of the permit.
For the foregoing reasons, we reverse the judgment of the trial court and render judgment in favor of Super Stop, granting it a Class B beer and liquor license. Costs are taxed to the defendant insofar as provided by law.
REVERSED AND RENDERED.
FOIL, J., dissents and adopts the reasons set forth by SHORTESS, J.
SHORTESS, J., dissents with reasons.